## Appendix A

**Public CITIZEN, et al., Plaintiffs,**

**v.**

**FEDERAL ELECTION COMMISSION,**
**Defendant.**

**Civil Case No. 14–148(RJL)**

United States District Court,
District of Columbia.

Signed August 11, 2014

Joseph Gerald Hebert, Law Offices of Joseph Gerald Hebert, Alexandria, VA, Paul Seamus Ryan, Washington, DC, for Plaintiffs.

Charles Kitcher, Erin R. Chlopak, Gregory John Mueller, Kevin Deeley, Federal Election Commission, Washington, DC, for Defendant.

## MEMORANDUM ORDER

(Dkt.# 8)

RICHARD J. LEON, United States District Judge

In 2010, plaintiffs Public Citizen, Protectourelections.org, Craig Holman, and Kevin Zeese filed an administrative complaint with the Federal Election Commission ("FEC") against Crossroads Grassroots Policy Strategies ("Crossroads GPS"). Compl. ¶¶ 1–2 [Dkt. # 1]. Plaintiffs alleged that Crossroads GPS had violated the Federal Election Campaign Act of 1971 ("FECA") by spending substantial sums of money to influence federal elec-

tions but failing to register with the FEC as a "political committee." *Id.* ¶ 2. In December, 2013, the Commissioners voted 3–3 on whether there was "reason to believe" that Crossroads GPS had violated FECA. *Id.* ¶ 4. Because four Commissioners must vote in the affirmative to proceed with an investigation, the FEC dismissed the complaint. *Id.* Plaintiffs bring this action against the FEC pursuant to 2 U.S.C. § 437g(a)(8), alleging that the FEC's dismissal of the administrative complaint was arbitrary, capricious, an abuse of discretion, and otherwise contrary to law. *Id.* ¶ 6.

After the complaint was filed, but before the FEC filed an answer, Crossroads GPS moved to intervene. Crossroads GPS's Mot. to Intervene and Mem. in Support ("Mot. to Intervene") [Dkt. # 8]. The FEC opposes. Def. Fed. Election Comm'n's Opp'n to Crossroads Grassroots Policy Strategies' Mot. to Intervene ("FEC Opp'n") [Dkt. # 14]. The question now before the Court is whether to grant Crossroads GPS leave to intervene as a defendant in this case.

■ As a threshold matter, any party seeking to intervene in a case in our Circuit must establish Article III standing. *Deutsche Bank Nat. Trust Co. v. FDIC*, 717 F.3d 189, 193 (D.C.Cir.2013). Article III "requires a showing of injury-in-fact, causation, and redressability." *Id.* To demonstrate injury-in-fact, a party must show "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation marks and citations omitted).

Crossroads GPS argues that it "has a direct and legally protected interest in the benefits of its victory and the vitality of the dismissal it won before the FEC." [1] Mot. to Intervene at 10. Basically, it argues it has an interest in avoiding "being exposed to *any* further enforcement proceedings at the FEC's hands" on the basis of plaintiffs' administrative complaint. Crossroads GPS's Reply in Support of its Mot. to Intervene at 7 [Dkt. # 16]. If plaintiffs prevail, they will obtain a declaration that the FEC's dismissal was "contrary to law" and an order requiring the FEC to "conform with such declaration." 2 U.S.C. § 437g(a)(8)(C). This will involve re-opening the administrative complaint.

■ The FEC argues that it may re-open the complaint, reach the same conclusion, and dismiss the complaint, even if it is required to articulate different reasoning for the decision. Therefore, any injury is conjectural. FEC Opp'n at 9. However, the Supreme Court has recognized that the fact that an "agency (like a new jury after a mistrial) might later, in the exercise of its lawful discretion, reach the same result for a different reason" does not in itself defeat standing. *FEC v. Atkins*, 524 U.S. 11, 25, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998); *see also Clinton v. City of New York*, 524 U.S. 417, 431, 118 S.Ct. 2091, 141 L.Ed.2d 393 (1998) ("Even if the outcome of the second trial is speculative, the rever-

---

1. Crossroads GPS also argues that it has a number of interests relating to actions that the FEC could take if it were to proceed with the investigation and decide Crossroads GPS is a "political committee," such as interests in "not being sanctioned" and "not being classified as a 'political committee' under FECA." Mot. to Intervene at 10–11. But it does not follow that those interests would be impaired even if plaintiffs are granted the relief they seek here. Crossroads GPS does not face an imminent adverse judgment. The FEC, upon re-opening the issue, first would have to vote to proceed with an investigation, and then vote to authorize a civil enforcement action against Crossroads GPS. This sort of potential injury is too speculative to support Article III standing.

sal, like the President's cancellation, causes a significant immediate injury by depriving the defendant of the benefit of a favorable final judgment.").

Crossroads GPS likely would have to expend significant resources before the FEC, again urging it to dismiss the complaint.[2] This re-exposure to an administrative complaint that previously had been decided in its favor is a narrow but concrete injury that would be caused by a decision in favor of plaintiffs, and could be redressed by a decision adverse to plaintiffs. Accordingly, Crossroads GPS has demonstrated Article III standing.

Under Federal Rule of Civil Procedure 24(a)(2), the Court *must* permit the intervention of any party that files a timely motion and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed.R.Civ.P. 24(a)(2). Our Circuit has interpreted this as containing four requirements for intervention as of right: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C.Cir.1998).

Here, defendant FEC *can* adequately represent Crossroads GPS's inter-

est at issue in this litigation. The fact that Crossroads GPS's and the FEC's *ultimate interests* may diverge—Crossroads GPS has interests in keeping its current status and minimizing sanctions, which the FEC does not—does not impact the immediate interest here: defending the legality of the FEC's dismissal. As to this interest, which is the interest upon which Crossroads GPS establishes standing, the FEC and Crossroads GPS are aligned. Crossroads GPS appears concerned that the FEC Office of General Counsel recommended against dismissal below, Mot. to Intervene at 17, but FEC counsel have defended dismissals numerous times after recommending, in their advisory capacity, that the complaint be investigated, *see* FEC Opp'n at 25 (collecting cases). Therefore, Crossroads GPS has not demonstrated that it has met the requirements to intervene as of right.[3]

Accordingly, it is this 11th day of August, 2014, hereby

**ORDERED** that Crossroads Grassroots Policy Strategies' Motion to Intervene [Dkt. # 8] as a defendant in this case is **DENIED.**

**SO ORDERED.**

---

2. Crossroads GPS submitted materials to the FEC four times over the course of a year and a half responding to the initial administrative complaint. Mot. to Intervene at 4.

3. Nor has it demonstrated an independent ground for subject matter jurisdiction, which ordinarily is required for permissive intervention. *See EEOC v. Nat'l Children's Center,*

*Inc.,* 146 F.3d 1042, 1046 (D.C.Cir.1998) ("[T]he putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action.").